UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ASH,

                CIVIL ACTION NO: 10-11875

    Plaintiff,           DISTRICT JUDGE ARTHUR J. TARNOW

v.                            MAGISTRATE JUDGE MARK A. RANDON

LIVINGSTON, COUNTY OF, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988

### I.  INTRODUCTION

Livingston County ("the County"), Sheriff Robert Bezotte ("Bezotte") and Under Sheriff Michael Murphy ("Murphy") (collectively "Defendants") seek $57,916.50 in prevailing party attorney's fees under 42 U.S.C. § 1988 (Dkt. No. 75).  In 2010, Thomas Ash ("Plaintiff") sued Defendants alleging 42 U.S.C. § 1983 claims of: (1) municipal liability, (2) First Amendment retaliation, and (3) violation of his fundamental right to privacy; he also alleged several state law violations.

Defendants were the prevailing parties: Plaintiff voluntarily dismissed the County – with prejudice – before the close of discovery; the Court granted summary judgment to Murphy, and to Bezotte (on all but one claim); and Bezotte's remaining claim was dismissed following a jury trial.  But, to recover attorney's fees as prevailing *Defendants*, they must show that Plaintiff's § 1983 claims were either frivolous, unreasonable and groundless from the outset, or that he

continued to litigate them after they clearly became so. Plaintiff responds that all of his claims had both a legal basis and factual support, rendering a fee award improper (Dkt. No. 77). Judge Arthur J. Tarnow referred Defendants' motion to this Magistrate Judge for a report and recommendation (Dkt. No. 79). For the reasons indicated below, **IT IS RECOMMENDED** that Defendants be awarded prevailing party attorney's fees but that they be limited to $1,698.30. Plaintiff should also be ordered to pay Defendants' taxed costs of $1,500.05 (Dkt. No. 76), for a total of $3,198.35. Plaintiff should be permitted to pay this amount in monthly installments of $100.00.

## II.  STATEMENT OF FACTS

The factual backdrop of this case does not bear repeating in detail. Suffice it to say, Plaintiff was employed with the County Sheriff's Department, achieving the rank of Sergeant. Plaintiff's allegations involved: Bezotte's accusation that Plaintiff was engaged in an extra-marital affair, while a Sergeant; Bezotte's failure to make good on his promise to promote Plaintiff (from Sergeant to Lieutenant); and Bezotte's retaliation and termination of Plaintiff's employment after Plaintiff publicly criticized him during a Sergeants' union meeting.

The parties agree on the following procedural history of the case. On December 22, 2010, Plaintiff filed a seven count Second Amended Complaint against Defendants alleging: (1) First Amendment retaliation under 42 U.S.C. § 1983 – for engaging in alleged union activities (against Bezotte and Murphy), (2) municipal liability under 42 U.S.C. § 1983 (against the County), (3) invasion of privacy (against Bezotte and Murphy), (4) implied contract (against Bezotte), (5) tortious interference with a business expectancy (against all Defendants), (6) gender discrimination under Michigan's Elliott-Larsen Civil Rights Act (against Bezotte and the

County) and (7) violation of his fundamental right to privacy under 42 U.S.C. § 1983 (against Bezotte).[1]

Plaintiff voluntarily dismissed the County – with prejudice – as a party on April 22, 2011 (Dkt. No. 27). The remaining Defendants filed a motion to dismiss and/or for summary judgment on October 20, 2011 (Dkt. No. 31). Judge Arthur J. Tarnow granted the motion – except as to Plaintiff's claim against Bezotte for First Amendment retaliation.

The remaining claim proceeded to jury trial in September of 2012. The jury returned a unanimous verdict in favor of Bezotte, and the Court entered a final Judgment closing the case on September 24, 2012 (Dkt. No. 73). This motion followed.

### III.  ANALYSIS

#### A.  The Standard for Awarding Attorney Fees to Prevailing Defendants

A district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). However, the Sixth Circuit has cautioned that "awarding attorney fees against a nonprevailing plaintiff . . . is 'an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 635 (6th Cir. 2009) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978). The district court should "resist the understandable

---

[1] Plaintiff's Complaint was originally filed on May 10, 2010 and amended on May 11, 2010.

3

temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Cheolas v. City of Harper Woods,* 467 F. App'x. 374, 382 (6th Cir. 2012) (quoting *Christiansburg Garment Co.*, 434 U.S. at 421-22).

"This standard for awarding attorney's fees to prevailing defendants in a civil rights suit is difficult to meet, and rightly so. Congress granted parties the prospect of a reasonable attorney's fee under 42 U.S.C. § 1988 to encourage the prosecution of legitimate civil rights claims; to award fees to prevailing defendants when the history of a case does not justify it undercuts that goal and chills civil rights litigation." *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 236 (1st Cir. 2010) (citation omitted). "This chilling effect is particularly acute in the case of large and financially onerous fee awards, which threaten to 'discourag[e] all but the airtight cases.'" *Id.* (quoting *Arnold v. Burger King Corp.*, 719 F.2d 63, 68 (4th Cir. 1983) (citing *Christiansburg Garment Co.*, 434 U.S. at 422)).

### B. Plaintiff's § 1983 Claims

Defendants' request for attorney's fees, if granted, is limited to Plaintiff's § 1983 claims. Thus, no matter how frivolous, unreasonable or groundless, Defendants cannot recover their attorney's fees related to Plaintiff's state law claims. 42 U.S.C. § 1988(b) ("[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party. . .a reasonable attorney's fee as part of the costs).

Plaintiff's § 1983 counts were: First Amendment Retaliation – against Bezotte and Murphy (Count I); Municipal Liability – against the County (Count II); and Violation of

Plaintiff's Fundamental Right to Privacy – against Bezotte (Count VII).  Of these, only Count I against Murphy became egregious enough to warrant an attorney's fees award to Defendants.

### 1. *Count I - First Amendment Retaliation (against Bezotte and Murphy)*

The substance of Plaintiff's First Amendment retaliation claim reads:

> 51. The Plaintiff has a clearly established right under the First Amendment of the Constitution of the United States not to be retaliated against for attending his union meeting.  Plaintiff had the right to speak out about his distrust of the promises made by Defendant Bezotte, his other opinions about the union issues, including speaking out about past problems at issue to the union contract without fearing retribution.
>
> 52. Defendants Bezotte and Murphy, acting under the color of law, deprived the Plaintiff of his constitutional rights of the right to assemble with his fellow union members and to speak freely, by retaliating against and terminating him for what was said at the union meeting.
>
> 53. Defendants retaliated by firing the Plaintiff and depriving him of his job due to his exercising his free speech and right to assemble.
>
> 54. The Defendants could not have reasonably believed that their conduct was reasonable or within the constitutional limitations on the exercise of their authority.
>
> 55. The Defendants could not have reasonably believed that the violation of the Plaintiff's First Amendment rights is within their authority or qualified immunity.
>
> 56. The Defendants, throughout the time period at issue in this Complaint and thereafter, had a policy, pattern, or practice of retaliating against individuals who spoke out, including at union meetings, about Defendant Bezotte or other administrators or employees of Defendant County.
>
> 57. The Defendants' unlawful retaliatory actions against Plaintiff described above were part of this unconstitutional policy, pattern, and practice.

> 58. Alternatively, or cumulatively, the unlawful retaliatory actions by the Defendants set forth above were carried out by the person or entity with the final decision making authority for Defendant County Sheriff's Department.
>
> 59. The Defendants' violations of Plaintiff's First Amendment rights described above are actionable under 42 U.S.C. § 1983.
>
> 60. As a result of the Defendants' violations set forth above, the Plaintiff suffered the damages above.

This count was not frivolous from the outset. "[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Kiessel v. Oltersdorf*, 459 F. App'x. 510 (6th Cir. 2012) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006)). "A 'matter of public concern' is one that involves 'issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government.'" *Id.* (quoting *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 898 (6th Cir. 2001)). But, it does not include matters of personal interest. *Connick v. Myers*, 461 U.S. 138, 147 (1983).

There is no dispute that Plaintiff was a public employee. As it relates to Bezotte, Plaintiff's retaliation claim survived Defendants' summary judgment motion and proceeded to trial. At the motion hearing, Plaintiff argued that his speech raised issues of concern to all union members, and, therefore, implicated a matter of public – not private – concern. Judge Tarnow agreed:

> THE COURT: So, the distinction you're arguing is that it -- *Boals* doesn't say that a union -- just because it goes to the union mean it's not of public concern, because the public can be made up of a union. Is that your interpretation?

>MS. FIXEL: Yes, Your Honor.
>
>THE COURT: And I think that's my interpretation also. So, that motion will be denied at least on that ground.

(Dkt. No. 81, Hr. Tr. 14). Although Bezotte ultimately prevailed on this claim at trial, it was not unreasonable or without foundation. Defendants should not receive an attorney's fees award for defending this claim against Bezotte.

The same cannot be said of Plaintiff's First Amendment retaliation claim against Murphy. While not frivolous, unreasonable, or groundless at the outset, Plaintiff's clams against Murphy clearly became so during discovery. Plaintiff's counsel, Ms. Fixel, admitted as much at the motion hearing:

>MR. McGLINCHEY: I guess the one remaining issue is the Plaintiff throughout his deposition, when he was asked why he says this, why he says that, what's the support he has, always has identified Sheriff Bezotte as the person he claims violated his rights and breached the contract and all the rest. Undersheriff Murphy has also been named in this lawsuit, and I would ask that all counts against him, we asked in our motion, be dismissed against –
>
>THE COURT: Is that in your motion?
>
>MR. McGLINCHEY: Yes.
>
>THE COURT: Okay.
>
>MR. McGLINCHEY: Yes.
>That all counts against Undersheriff Murphy be dismissed, because, again, everything that we've seen and certainly have heard this afternoon deals with Sheriff Bezotte.
>
>THE COURT: Your response?
>
>MS. FIXEL: Your Honor, *I agree with Mr. McGlinchey that the testimony did not target or bring out testimony against*

*Undersheriff Murphy.*

(Hr. Tr. 27) (emphasis added). Despite this lack of evidence, Plaintiff failed to voluntarily dismiss Murphy after discovery closed or concur in the relief sought in Defendants' summary judgment motion, related to Murphy. Therefore, Plaintiff should pay Defendants' attorney's fees attributable to the preparation of Murphy's portion of the motion and reply brief.

This Magistrate Judge has carefully reviewed defense counsel's billing records. However, the number of hours attributable to Murphy's portion of the summary judgment motion is not easily gleaned from the records.[2] Because Murphy was named in three of the remaining six counts (following the County's dismissal), this Magistrate Judge starts with the presumption that one-half of the total billable hours attributable to Defendants' motion and reply brief related to Murphy. The total attorney billable hours spent drafting the summary judgment motion and Defendants' reply brief – after discovery closed on September 23, 2011 – was 50.3. Dividing this number by two, the total hours attributable to Murphy could be as high as 25.15. But this number requires further examination.

The Supreme Court has instructed trial courts faced with both frivolous and non-frivolous claims to award those fees incurred "because of, *but only because of*" the frivolous claim. *Fox v. Vice*, ___ U.S. ___, 131 S.Ct 2205, 2215-16 (2011) (emphasis added). That is, the fee award for a frivolous claim should be reduced to the extent it overlaps with work required to defend a non-frivolous claim. Here, this Magistrate finds a significant overlap exists between the attorney effort expended in moving for summary judgment against Bezotte on this count (a non-frivolous

---

[2] The billings do not break down the number of hours spent preparing the motion per defendant.

8

claim) and Murphy (a frivolous claim), such that the hours should be reduce in half, to 12.58 hours.[3] *See id.* ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of 'the district court's superior understanding of the litigation.'")

To determine if an attorney's fees request is reasonable, the court may use the "lodestar" approach. *See Bodenhamer Dldg. Corp. v. Architectural Research Corp*., 989 F.2d 213, 221 (6th Cir. 1993) (the 'lodestar' approach involves consideration of the "suitability of number of hours expended and analysis of the hourly fee charged"). This Magistrate Judge finds that: (1) the lodestar approach is useful in determining the reasonableness of the fee request; and (2) the overall number of hours expended on the motion and reply brief and the hourly rate of $135.00 were reasonable. Therefore, an attorney's fee award in the amount of $1,698.30 (135 x 12.58) is recommended.

### 2. Count II -Municipal Liability

Plaintiff dismissed his municipal liability claim five months *before* the close of discovery, so an award of attorney fees is not appropriate. Even if it were, as Defendants concede, the law on the issue was so clear, it is hard to imagine defense counsel spent an appreciable amount time defending *this claim* – beyond answering the Complaints – before it

---

[3] A review of the summary judgment motion demonstrates that Defendants' legal argument applied with equal force to both Murphy and Bezotte.

was dismissed.[4] Given the onerous standard for obtaining prevailing Defendant attorney's fees and Plaintiff's early voluntary dismissal with prejudice, an award of fees for this claim is not recommended.

### 3. Count VII- Violation of Plaintiff's Fundamental Right to Privacy

Plaintiff's Violation of Fundamental Right to Privacy count states:

> 68. Plaintiff had the right to have his private medical records remain private.
>
> 69. Defendant Bezotte invaded the Plaintiff's privacy by obtaining his private medical records and openly reading from those records to parties who had no right or interest in the information contained within the medical records.
>
> 70. Disclosure of the private medical records was objectionable to the Plaintiff and would be objectionable to a reasonable person.
>
> 71. Defendants Bezotte and Murphy disclosed embarrassing private facts of the Plaintiff to others in a meeting.
>
> 72. Defendant Bezotte knew or should have known that he did not have authority to disclose the Plaintiff's private facts to others.
>
> 73. Plaintiff specifically asked Defendant Murphy to limit further disclosure of his private facts, but was told by Defendant Murphy that it was the Plaintiff's fault the information was being disclosed.
>
> 74. The disclosure of private facts from private medical records would be highly offensive to a reasonable person.
>
> 75. The disclosure of the Plaintiff's private facts from his private medical records is of no legitimate concern to the public or other employees at the

---

[4] A review of the billing records shows defense counsel spent approximately 6.3 hours in drafting an Answer to Plaintiff's Complaint. Answering the subsequent amendments would not have required much more time. And, of the total time spent drafting Defendants' Answer to the Complaint, the municipal liability claim was likely but a small fraction thereof, perhaps an hour or so at best.

Livingston County Sheriff's Department.

The Sixth Circuit has recognized an "informational right to privacy." *Bloch v. Ribar*, 156 F.3d 673, 683 (6th Cir. 1998). However, the right has been found in only two instances: "(1) where the release of personal information could lead to bodily harm, and (2) where the information released was of a sexual, personal, and humiliating nature." *Lambert v. Hartman*, 517 F.3d 433, 440-41 (6th Cir. 2008) (citation omitted). Here, Plaintiff's allegations arguably fell within the second category.

Plaintiff's allegations certainly may have been difficult to prove at trial: he provided the private information to a doctor before Bezotte shared it with other parties. This may explain why Plaintiff dropped the claim at Judge Tarnow's prompting during the motion hearing:

> THE COURT: Count 7 -- and excuse me for going out of order, but let me see if I can find the ones that people agree on.
> And let me ask the Plaintiff. Violation of privacy rights under 1983 where your client is the one who violated his own rights, are you withdrawing that motion -- or, that count? He said, leading her on.
>
> MS. FIXEL: Pardon me?
>
> THE COURT: He said, leading her to a specific answer.
>
> MS. FIXEL: Yes, Your Honor.
>
> THE COURT: Okay. So, we don't have to worry about that one. That's gone.

(Hr. Tr. 9). But a tactical decision to abandon a difficult claim to prove does not equate to a claim without foundation. Defendants should not be awarded attorney's fees on this claim.

## IV. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants be awarded prevailing party attorney's fees but that they be limited to $1,698.30. Plaintiff should also be ordered to pay Defendants' taxed costs of $1,500.05 (Dkt. No. 76), for a total of $3,198.35. Plaintiff should be permitted to pay this amount in monthly installments of $100.00.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

                                               s/Mark A. Randon
                                               MARK A. RANDON
                                               UNITED STATES MAGISTRATE JUDGE

Dated: May 1, 2013

CIVIL ACTION NO: 10-11875

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, May 1, 2013, by electronic and/or first class U.S. mail.*

*s/Shawntel Jackson for Eddrey Butts*
*Acting Case Manager to Magistrate Judge Mark A. Randon*